**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| FERNANDO MIRANDA; TEODORA MIRANDA, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | Nos. 08-73581 <br> 08-70491 <br><br> Agency Nos. A075-758-099 <br> A075–758-100 <br><br> MEMORANDUM[*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

In these consolidated petitions for review, Fernando Miranda and Teodora

Miranda, natives and citizens of Mexico, petition pro se for review of the Board of

Immigration Appeals' ("BIA") order dismissing their appeal from an immigration

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judge's ("IJ") removal order and denying their motion to remand, as well as its order denying their subsequent motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir. 2005), and review de novo due process claims, *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006). We dismiss in part and deny in part the petition for review in No. 08-70491, and dismiss the petition for review in No. 08-73581.

We lack jurisdiction to review the BIA's determination that the evidence of hardship submitted with petitioners' motion to remand was insufficient to establish prima facie eligibility for relief. *See id.* at 601-02. Petitioners' claim that the IJ violated their due process rights by refusing to consider new hardship evidence on remand fails in light of the BIA's subsequent consideration of the evidence on appeal. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (requiring prejudice to prevail on a due process challenge).

The evidence petitioners presented with their motion to reopen concerned the same basic hardship grounds as their application for cancellation of removal. *See Fernandez*, 439 F.3d at 602-03. We therefore lack jurisdiction to review the BIA's determination that the evidence was insufficient to establish a prima facie case of hardship. *See id.* at 601.

**In No. 08-70491:  PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

**In No. 08-73581:  PETITION FOR REVIEW DISMISSED.**